UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR S. BLAKES, | ) |
| Plaintiff, | ) |
| v. | ) No.: 21-cv-1094-MMM |
| PEORIA COUNTY JAIL MEDICAL STAFF, | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, a pretrial detainee, proceeds *pro se* under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs at the Peoria County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## FACTS

In March 2020, prior to being held at Jail, Plaintiff was diagnosed with a mass in his right lung. Plaintiff was in Jail custody on June 18, 2020 and claims that from that date until January 18, 2021, the mass, suspected to be cancerous, grew in size. He ultimately underwent a bronchoscopy and was diagnosed with a lung infection. Plaintiff also claims to have a COVID-

1

19 infection although it is unclear whether this was the cause of the lung infection. As a consequence, the Court cannot determine whether Plaintiff is claiming to have lung cancer, a lung infection, a superimposed COVID-19 lung infection, or some combination of these.

Plaintiff claims that unidentified Doctors and Nurses at the Jail did not adequately treat him or timely refer him for a CT scan. He claims to have had several episodes of spitting blood, beginning in August 2020. On January 14, 2021, he showed evidence of this blood to "the Nurse." Plaintiff complains that his unidentified medication was dispensed by guards when it should have been dispensed by nurses. Plaintiff claims that a Doctor refused to schedule him for a second CT scan, and a second bronchoscopy; and refused to refer him to a cardiologist for a newly diagnosed heart condition. Plaintiff also makes an unrelated claim that there was black mold in the shower on capital H-1 Pod.

## ANALYSIS

As Plaintiff was a pretrial detainee during the events at issue, his claims are reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). Under the Fourteenth Amendment standard, a pretrial detainee need establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). In other words, that defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 2018 WL 3796482, at *12.

Plaintiff identifies Defendants only as "medical staff" and does not identify any individual by name or other identifying reference. The Federal Rules of Civil Procedure 8(a) requires that Plaintiff file a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006). Here, Plaintiff does not generally indicate the date of the complained-of interactions with medical staff; a physical description of the individuals involved, or the shift they worked; or any other information which would help identify these individuals. Plaintiff must plead enough to put the individual Defendants on notice of the claims against them. *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc.* 283 F.3d 867, 872 (7th Cir.2002). The complaint will be dismissed, although Plaintiff will be given an opportunity to replead with more specificity.

The Court notes that Plaintiff has claimed both that he did, and did not, file a related grievance. At least one grievance was filed in August 2020 and might have been late filed as Plaintiff alleges he could not have been filed it sooner as he was in medical isolation. It is, unclear whether Plaintiff exhausted his administrative remedies, but this issue cannot be determined at this stage of the proceedings.

Plaintiff's conditions of confinement claim regarding the black mold in one of the housing units is unrelated to the deliberate indifference claims and is dismissed for misjoinder. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

**IT IS THEREFORE ORDERED:**

Plaintiff's complaint is dismissed, and he will have 30 days in which to file an amended complaint. The filing is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. If Plaintiff repleads, he is to identify those individual persons whom he holds liable for violating his constitutional rights. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. If he repleads, Plaintiff is to identify the injury more clearly, indicating whether he complains of untreated cancer, an untreated infection, an untreated COVID-19 infection, or some combination of the three.

7/20/2021
ENTERED

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE