E-FILED
Friday, 27 May, 2022 03:06:26 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| OMAR S. BLAKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 21-cv-1094-MMM |
| | ) | |
| BRIAN ASBELL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT

Plaintiff proceeds *pro se* under 42 U.S.C. § 1983 on his Second Amended Complaint alleging deliberate indifference to his serious medical needs at the Peoria County Jail ("Jail").

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### FACTS

Plaintiff alleges that Defendants Shamaila Gorsi and Salley Foley denied him medical attention between June 18, 2020, and January 18, 2021, and Defendant Gorsi was aware of the seriousness of his condition by July 1, 2020.

On or about July 27, 2020, Plaintiff complains that correctional officers Pompa, Campbel, Wight, and Cannon did not give him an unidentified medication. Plaintiff claims that Defendant Foley is responsible because she gave them permission to dispense the medication. Plaintiff states that he submitted grievances on August 7 and 9, 2020, and September 1, 2, and 18, 2020, and did not receive a response from Defendant Foley.

Plaintiff alleges that he began spitting up blood in August 2020 and did not receive medical attention until January 14, 2021. Plaintiff claims that he contracted a lung infection while he was in custody and was hospitalized on January 18, 2021. While at the hospital, he had surgery on or about January 20, 2021, and was told that his heart was enlarged. A doctor at the hospital ordered Plaintiff to take 500 mg. of Keflex four times daily for 28 days.

Plaintiff was released from the hospital on January 25, 2021, and returned to the Jail. He alleges that he was given a double dose of Keflex twice daily rather than the prescribed dosage. Plaintiff states that he submitted grievances on January 26, 2021, and February 21, 2021, but he did not receive a response from Defendant Foley, who oversaw medical grievances.

On March 30, 2021, the Lung Institute allegedly recommended that Plaintiff follow-up in four weeks. After an MRI in May 2021, Plaintiff was told to follow-up with the Cardiovascular Institute. He claims that Defendant Foley, who is responsible for his medical appointments, refused to schedule follow-up examinations.

Plaintiff also alleges that Defendant Foley refused to show nurses Hannah Copeland and Emily Dawson how to test his "P.T. INR, which [he] was to take weekly due to blood clots." Plaintiff submitted grievances on June 14, 2021, and July 3 and 5, 2021. He claims that he waited until nurse Patricia Eddlemon returned to work because Defendant Foley refused to deal with him.

On July 30, 2021, Plaintiff asked Defendant Gorsi whether he would return to the Lung or Cardiovascular Institutes. Defendant Gorsi allegedly told Plaintiff that there was no need for follow-up appointments. On September 25, 2021, Plaintiff submitted a grievance. On November 11, 2021, he received a response stating that they were working on getting him an appointment. On November 23, 2021, Plaintiff submitted another grievance and was told it would be forwarded to the Regional Medical Director to review. Plaintiff alleges that follow-up appointments with a lung or heart doctor were never scheduled.

Plaintiff states that prior to June 2020, his heart was not enlarged. He claims a "black mass" has grown and was infected. Plaintiff also states that he has been experiencing a lot of stress, had two surgeries between January and March 2021, and gained weight.

Plaintiff claims that Sheriff Brian Asbell, Chief Deputy Joseph Needham, and Superintendent Ronda Guyton are responsible because he was in their custody at the Jail. He also claims that Well Path is responsible as Salley Foley's and Shamaila Gorsi's employer.

Plaintiff seeks $5 million in unspecified damages for his deliberate indifference claim and $2 million for pain and suffering and emotional distress.

## ANALYSIS

As Plaintiff was a pretrial detainee when the incident occurred, his claims arise under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Under the Fourteenth Amendment standard, a pretrial detainee need only establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). In other words, that defendant "knew, or should have known,

that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 900 F.3d at 353 (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

**<u>Defendant Shamaila Gorsi</u>**

Plaintiff pleads in a conclusory fashion that Defendant Gorsi, along with Defendant Foley, denied him medical attention for an unspecified condition between June 18, 2020, and January 18, 2021. Without providing any further details, he claims that Defendant Gorsi was aware of the seriousness of his unspecified medical condition by July 1, 2020, based on his medical records. He also alleges that he began spitting up blood in August 2020 and did not receive medical attention until January 14, 2021, but Plaintiff fails to state who he complained to during this time. Plaintiff's allegations against Defendant Gorsi fail to place Defendant on notice of his claims. The Seventh Circuit has consistently noted that "the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim." *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc*., 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). Here, Plaintiff does not plead sufficient facts to support a claim that Defendant Gorsi's conduct was objectively unreasonable. *See Darnell*, 849 F.3d at 35.

Plaintiff also alleges that on July 30, 2021, he asked Defendant Gorsi when he would return to the Lung and Cardiovascular Institutes. Gorsi allegedly told him there was no need for follow-up appointments. Plaintiff indicates that Defendant Foley, not Defendant Gorsi, was responsible for scheduling medical appointments. The Court finds that Plaintiff has failed to state a deliberate indifference claim against Defendant Gorsi. Defendant Gorsi is DISMISSED, without prejudice.

**Defendant Salley Foley**

Plaintiff alleges that Defendant Foley permitted correctional officers to dispense an unidentified medication in July 2020. He submitted grievances in August and September 2020 and received no response from Defendant Foley. These allegations are insufficient to state a claim for deliberate indifference, as there is nothing to indicate that the Jail prohibited correctional officers from delivering medications to detainees. *See Jackson v. Litscher*, No. 15-C-358, 2017 WL 6459480, at *2 (E.D. Wis. Dec. 15, 2017) (correctional officers may deliver medications to inmates as part of their normal job duties). This claim is dismissed without prejudice, and Plaintiff is given leave to amend his complaint.

Plaintiff alleges that he contracted a lung infection and had surgery on or about January 20, 2021. He alleges that a doctor at the hospital ordered him to take 500 mg. of Keflex four times per day for 28 days. When Plaintiff returned to the Jail, he alleges that he was given a double dose of Keflex twice daily rather than the recommended dosage. Plaintiff fails to specify who allegedly dispensed the medication. He claims that he submitted grievances and did not receive a response from Defendant Foley, who was responsible for overseeing medical grievances. While Plaintiff is critical of how his grievances were handled, this alone is not enough to plead personal liability against Defendant Foley under § 1983. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (alleged mishandling of grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim). This claim is dismissed without prejudice, and Plaintiff is given leave to amend his complaint.

Plaintiff alleges that Defendant Foley failed to train new medical staff members how to test his "P.T. INR" and that he had to wait for nurse Patricia Eddlemon returned to work because Defendant Foley refused to deal with him. Plaintiff does not specify how long he had to wait for

Ms. Eddlemon to return to work or how long his "P.T. INR" remained untested. These paltry allegations are conclusory, and no actionable claim for a failure to train or deliberate indifference has been stated. This claim is dismissed without prejudice, and Plaintiff is given leave to amend his complaint.

Plaintiff alleges that he has not been permitted to return to the Lung and Cardiovascular Institutes for the recommended follow-up appointments. He claims that Defendant Foley is responsible for his medical appointments and refused to schedule follow-up examinations. The Court finds that Plaintiff has stated a claim against Defendant Foley for deliberate indifference based on the alleged failure to schedule the recommended follow-up appointments. *See Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999) (plaintiff stated a claim where prison doctor delayed arranging appointments for inmate to see specialist and then failed to follow the specialists' advice, during which time inmate's condition worsened).

**Defendants Asbell, Needham, and Guyton**

Plaintiff alleges Sheriff Asbell, Chief Deputy Needham, and Superintendent Guyton are liable because he was in their custody at the Jail. Plaintiff does not include any additional allegations against them or specify if he is suing them in their official capacities, individual capacities, or both. "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). There is no *respondeat superior* liability under § 1983. If officials are named, they must be named in their individual capacities, and Plaintiff must allege that the officials personally participated in the deprivation or were deliberately reckless as to the misconduct of subordinates or were aware and condoned, acquiesced, or turned a blind eye to it.

*Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff makes no such allegations. Defendants Asbell, Needham, and Guyton are DISMISSED, without prejudice.

**Defendant Well Path**

Plaintiff claims that Well Path is liable based solely on its status as Defendant Foley's and Defendant Gorsi's employer. As stated above, the doctrine of *respondeat superior* does not apply to actions filed under § 1983. *Pacelli v. deVito*, 972 F.2d 871, 878 (7th Cir. 1992) ("Section 1983 does not create collective or vicarious responsibility. Supervisors are not liable for the errors of their subordinates."). Well Path is DISMISSED, without prejudice.

**IT IS THEREFORE ORDERED:**

1.     According to the Court's Merit Review, Plaintiff has alleged a claim for deliberate indifference to a serious medical need against Defendant Salley Foley, based on the alleged failure to schedule follow-up examinations, as stated above. Additional claims shall not be included in this case, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2.     Plaintiff's claims against Defendants Shamaila Gorsi, Sheriff Brian Asbell, Joseph Needham, Ronda Guyton, and Well Path are dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Defendants Shamaila Gorsi, Sheriff Brian Asbell, Joseph Needham, Ronda Guyton, and Well Path are DISMISSED, without prejudice. Plaintiff shall have 30 days from the entry of this Order to file an amended complaint. It is to be captioned "Third Amended Complaint" and is to include all of Plaintiff's claims against all Defendants, without reference to a prior pleading. Plaintiff's Third Amended Complaint will replace his Second Amended Complaint in its entirety. Piecemeal amendments are not accepted.

3.      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4.      The Court will attempt service on Defendant by mailing a waiver of service. If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.      Defendant shall file an Answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an Answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the Answer is necessary or will be considered. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6.      This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to

Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7.     Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition. Plaintiff shall be provided a copy of all pertinent medical records upon request.

8.     Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.     If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.     Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.     The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:  5/27/2022

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge